AARON P. BRECHER (WSBA No. 47212)
abrecher@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101-2683
Telephone: 206-839-4300
Facsimile: 206-839-4301

BEHNAM DAYANIM (*pro hac vice forthcoming*)
bdayanim@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone:  202-339-8400
Facsimile:   202-339-8500

GREGORY D. BEAMAN (*pro hac vice forthcoming*)
gbeaman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone:  212-506-5000
Facsimile:   212-506-5151

*Attorneys for Defendant Playtika Ltd.*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBBIE DUNCAN, individually and on behalf of all other similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PLAYTIKA, LTD.,<br><br>　　　　　Defendant. | Case No. 2:25-cv-00131-MKD<br><br>**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**<br><br>11/19/2025<br>Without Oral Argument |

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................................1

II.     STATEMENT OF FACTS ......................................................................3

    A.      The Parties ...................................................................................3

    B.      All Users Must Agree to Playtika's Terms of Service, Which Include an Arbitration Agreement and Class Action Waiver ...........5

    C.      Plaintiff Released All Claims under a Class Action Settlement Agreement Approved by a Washington Federal Court in 2020 .......7

III.    LEGAL STANDARD .............................................................................9

IV.     ARGUMENT.........................................................................................10

    A.      The Court Should Dismiss the Complaint as Barred under the Prior *Wilson* Class Action Settlement Agreement .........................10

        1.      Plaintiff Settled and Released Her Claims against Playtika...............................................................................10

        2.      Plaintiff Is Estopped from Claiming that the Games Violate Washington Gambling Law ...................................13

    B.      The Court Should Strike Plaintiff's Putative Class Allegations .....13

        1.      The Court Should Strike the National Non-Arbitration Class and Washington Non-Arbitration Sub-Class as Barred by the Terms' Arbitration Agreement and Class Action Waiver ..........................................................................13

        2.      The Court Should Also Strike All of the Classes Because There Is No Adequate Named Plaintiff ..................15

        3.      The Court Should Strike the National Class and National Non-Arbitration Class Because There Are No Common Issues of Law for These Multistate Classes Asserting Common Law Claims............................................17

V.      CONCLUSION .....................................................................................19

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS

- i -

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013)......................................................................................2

*Amalfitano v. Google Inc.*,
2015 WL 456646 (N.D. Cal. Feb. 2, 2015)....................................................11

*In re Amazon Servs. Fee Litig.*,
705 F. Supp. 3d 1255 (W.D. Wash. 2023) .....................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................9

*Betts v. Reliable Collection Agency, Ltd.*,
659 F.2d 1000 (9th Cir. 1981) .....................................................................15

*Campos v. Big Fish Games, Inc.*,
2024 WL 2818589 (W.D. Wash. June 3, 2024) .................................11, 12, 13

*Carter v. Rent-A-Center, Inc.*,
718 F. App'x 502 (9th Cir. 2017) ..................................................................15

*Cashatt v. Ford Motor Co.*,
2020 WL 1987077 (W.D. Wash. Apr. 27, 2020) ............................................10

*Corner Computing Sols. v. Google LLC*,
750 F. Supp. 3d 1208 (W.D. Wash. 2024) .......................................................5

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) .......................................................................9

*Depot, Inc. v. Caring for Montanans, Inc.*,
915 F.3d 643 (9th Cir. 2019) .........................................................................9

*DesAutel v. Tetra Tech EC, Inc.*,
2012 WL 274743 (E.D. Wash. Jan. 31, 2012) ...............................................11

*DIRECTV, Inc. v. Imburgia*,
577 U.S. 47 (2015).......................................................................................14

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS

- ii -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

*Epic Sys. Corp. v. Lewis*,
138 S. Ct. 1612 (2018)..................................................................................14

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982)......................................................................................15

*Hanna v. Sanofi-Aventis U.S., LLC*,
2013 WL 1855748 (W.D. Wash. Apr. 29, 2013) ............................................11

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ...................................................................15, 16

*Hoober v. Movement Mortg., LLC*,
382 F. Supp. 3d 1148 (W.D. Wash. 2019) ....................................................15

*Kater v. Churchill Downs Inc.*,
886 F.3d 784 (9th Cir. 2018)........................................................................19

*In re McCormick & Co., Inc. Pepper Prods. Mktg. & Sales Pracs. Litig.*,
422 F. Supp. 3d 194 (D.D.C. 2019)...............................................................19

*Murphy v. DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013) ...................................................................2, 14

*Nationwide Mut. Fire Ins. Co. v. Watson*,
120 Wash. 2d 178 (1992)..............................................................................10

*Phan v. Sargento Foods, Inc.*,
2021 WL 2224260 (N.D. Cal. June 2, 2021)..................................................18

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) .....................................................................8, 11

*S.E.C. v. Jackson*,
908 F. Supp. 2d 834 (S.D. Tex. 2012)...........................................................18

*Soto v. Sky Union LLC*,
159 F. Supp. 3d 871 (N.D. Ill. 2016)..............................................................19

*Stearns v. Ticketmaster Corp.*,
655 F.3d 1013 (9th Cir. 2011) ...................................................................15, 16

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS

- iii -

*Uber Techs., Inc. v. U.S. Jud. Panel on Multidistrict Litig.*,
  131 F.4th 661 (9th Cir. 2025) ..................................................................14

*Utility Consumers' Action Network v. Sprint Sols., Inc.*,
  259 F.R.D 484 (S.D. Cal. 2009) ..............................................................18

*Villegas v. U.S.*,
  963 F. Supp. 2d 1145 (E.D. Wash. 2013).................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011)............................................................................19

*Wilson v. Playtika, Ltd.*,
  349 F. Supp. 3d 1028 (W.D. Wash. 2018) .......................................*passim*

**Rules & Statutes**

9 U.S.C. § 2................................................................................................2, 14

Fed. R. Civ. P. 12.............................................................................1, 2, 9, 20

Fed. R. Civ. P. 23..................................................................................*passim*

Fed. R. Civ. P. 44.1.......................................................................................17

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS

- iv -

Defendant Playtika Ltd. ("Playtika) hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claims as barred under a prior class action settlement agreement or, alternatively, to strike the putative class allegations pursuant to Rules 12(f) and 23(c) as barred by a class action waiver.

## I.    **INTRODUCTION**

In Plaintiff's own words, this case arises out of "Playtika's (1) operation of an illegal gambling game, and (2) unlawful, deceptive, and misleading trade practices." Compl. ¶ 1. Playtika disputes that its games are "gambling" games and denies that it has engaged in any unlawful, deceptive or misleading practices. But that difference of opinion is not relevant here. In 2020, Plaintiff and other settlement class members *expressly released* all claims against Playtika "relating to the operation of the [games] and/or the sale of virtual coins in the [games], such as claims that the [games] are illegal gambling, that virtual coins in the [games] are 'things of value', or that aspects of the [games] are deceptive or unfair," in exchange for monetary compensation. In addition, in exchange for Playtika's implementation of certain gameplay features, Plaintiff stipulated not to contend— as she attempts to argue now—that the games at issue in this case involve illegal gambling. Plaintiff cannot now attempt to avoid her contractual obligations by claiming Playtika's games are unlawful, deceptive or misleading. Because this deficiency cannot be cured, the Complaint should be dismissed with prejudice.

Even if Plaintiff's claims were not barred, the National Non-Arbitration

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    1

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

Class and Washington Non-Arbitration Subclass, which, as defined, include those who have not attempted to pursue arbitration, are facially deficient and should be stricken under Rules 12(f) and 23(c). As a condition to playing the games, these putative class members affirmatively accepted and agreed to Playtika's terms of service, under which they expressly agreed to arbitrate all disputes with Playtika on an individual basis and waived their right to bring or participate in a class action. The arbitration agreement and class action waiver is "valid, irrevocable, and enforceable," 9 U.S.C. § 2, and must be "rigorously enforce[d] . . . according to [its] terms," *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013); *see also Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1226 (9th Cir. 2013) ("Section 2 of the FAA . . . requires the enforcement of arbitration agreements that ban class procedures"). Moreover, there is no named representative for the putative class and subclass members who have not pursued arbitration, since Plaintiff alleges that she attempted to arbitrate her claims. Thus, this Court should strike Plaintiff's National Non-Arbitration Class and Washington Non-Arbitration Subclass claims.

Finally, both the National Class and National Non-Arbitration Class should be stricken since the asserted causes of action—restitution, unjust enrichment and negligent misrepresentation—are subject either to Israeli law (of which no violation is alleged) or the laws of the respective states in which each putative class member is located, and, hence, cannot be aggregated together into a single class.

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    2

## II.    STATEMENT OF FACTS

### A.    The Parties

Playtika specializes in the development and publication of mobile and web-based social games, including the games on the platform at issue in the Complaint: *Slotomania* (the "Games"). *See* Compl. ¶ 2.

Plaintiff is a Washington resident who alleges she made purchases in the Games from 2011 through early October 2024. *Id*. ¶¶ 83, 87. Plaintiff claims that the Games are unlawful "gambling" under Washington law because the virtual coins used for gameplay—which have no real-world value, cannot be redeemed for money, and are available for free—can also be purchased and are "thing[s] of value" that players wager in the hope of winning more virtual coins. *Id.* ¶¶ 51, 98.[1]

Plaintiff also claims that the Games utilize unfair and deceptive practices to drive in-game purchases of virtual coins. *Id.* ¶ 115.

Plaintiff purports to represent two nationwide classes:

**National Class:** All persons who, during the applicable limitations period, purchased virtual casino chips in Slotomania, opted out of Playtika's current arbitration agreement, attempted to pursue

---

[1] Plaintiff alleges that "[c]onsumers . . . are awarded a bundle of coins," but if they lose "their allotment of free coins, they cannot continue to play the game without buying more coins using real money." Compl. ¶¶ 51-52. This allegation is false, a fact of which this Court can take judicial notice. *See* Section II.C, *infra* at 7-9.

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                                3

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

arbitration under the prior version, and Playtika refused to arbitrate.[2]

**National Non-Arbitration Class:** All persons who, during the applicable limitations period, purchased virtual casino chips in Slotomania.

Compl. ¶ 86. The National Class includes the 449 individuals, including Plaintiff, who allegedly attempted to initiate arbitration before AAA under the then-effective version of Playtika's terms. *Id.* ¶¶ 94-95.

The Complaint also alleges two sub-classes of Washington residents:

**Washington Sub-Class:** All persons in Washington who, during the applicable limitations period, purchased virtual casino chips in Slotomania, opted out of Playtika's current arbitration agreement, attempted to pursue arbitration under the prior version, and Playtika refused to arbitrate.

**Washington Non-Arbitration Sub-Class:** All persons in Washington who, during the applicable limitations period, purchased virtual casino chips in Slotomania.

*Id.* ¶ 86.

Plaintiff seeks to recover amounts spent on the Games during the applicable limitations period, ostensibly pursuant to RCW § 4.24.070, on behalf of herself

---

[2] Although not necessary for disposition of this motion, Plaintiff's characterization misleads. The AAA asked Playtika to waive certain provisions in its then-current arbitration agreement. Playtika declined, and the AAA declined to administer the matter any further, terminating the arbitration and granting those individuals the right to initiate suit.

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

and the putative Washington sub-classes. Compl. ¶¶ 95-107. Plaintiff also asserts a Washington Consumer Protection Act ("WCPA") claim on behalf of herself and the putative Washington sub-classes. *Id.* ¶¶ 108-122. Plaintiff also asserts claims for "restitution or unjust enrichment" and "negligent misrepresentation" on behalf of herself and the putative nationwide classes (*id.* at Counts III and IV).

### B.   All Users Must Agree to Playtika's Terms of Service, Which Include an Arbitration Agreement and Class Action Waiver

Users cannot register an account, play the Games, or make purchases in the Games without affirmatively accepting and agreeing to Playtika's Terms of Service (the "Terms"). *See* Compl. ¶ 94. The Terms in effect when Plaintiff filed this action, when Playtika entered into the *Wilson* settlement described below, and at all relevant times before, include an arbitration agreement, which appears in a standalone section titled "DISPUTE RESOLUTION AND AGREEMENT TO ARBITRATE ON AN INDIVIDUAL BASIS." Declaration of Behnam Dayanim in Support of Defendant's Motion to Dismiss the Complaint, or in the Alternative, to Strike Class Allegations ("Dayanim Decl."), Ex. A (October 2024 Terms) § 17; *see also id.*, Ex. B (March 2020 Terms) § 15.[3]

---

[3] Courts may take judicial notice of terms of service in ruling on a motion to dismiss. *See*, *e.g.*, *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1041 (W.D. Wash. 2018) (taking judicial notice of Playtika's terms of service); *Corner*

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    5

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

The arbitration agreement states:

> **We Both Agree to Arbitrate.** By agreeing to these Terms, you and Playtika agree to resolve any Disputes not resolved during an Informal Resolution Period through final and binding arbitration as discussed below, except as otherwise required by applicable law or as set forth under subsections (c) and (h) of this Section 17.

*Id.*, Ex. A § 17(b); *see also id.*, Ex. B § 15(c) (substantially similar).[4] The arbitration agreement defines "Disputes" as "all past, present, and future disputes, claims, or causes of action between you and Playtika (including any non-contractual disputes, claims or causes of action) that arise out of or relate to these Terms, the Services, the formation of these Terms, or any other dispute between you and Playtika . . . whether arising prior to or after your agreement to this Section." *Id.*, Ex. A § 17; *see also id.*, Ex. B § 15 (substantially similar).

The arbitration agreement also includes a class action waiver, which states:

> **Class Action and Collective Arbitration Waiver. To the maximum extent permitted by applicable law (and except as expressly provided in Section 17(f)), neither you nor Playtika are entitled: to consolidate, join, or coordinate disputes by or against other individuals or entities; to participate in any collective, group, class, or mass arbitration or litigation of disputes; to arbitrate or litigate any dispute in a representative capacity, including as a representative member of a class; to litigate or arbitrate a dispute in a private attorney general capacity; or otherwise to seek recovery of losses or damages (whether for yourself or others) incurred by a third party. In**

---

*Computing Sols. v. Google LLC*, 750 F. Supp. 3d 1208, 1215 (W.D. Wash. 2024).

[4] Emphases, including capitalization and bold, in original unless otherwise noted.

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    6

**connection with any Dispute, any and all such rights are hereby expressly and unconditionally waived. Any challenge to the validity or enforceability of this Section 17(g) will be determined exclusively by the arbitrator. Notwithstanding anything to the contrary set forth in these terms, if all or any portion of subsections 17(e), (f) or (g) is found to be invalid or less than fully enforceable with regard to a Dispute, then the entirety of the parties' agreement to arbitrate (but not those limitations and restrictions applicable to litigation that are set out in subsections (a), (g), and (h) of this Section 17) will be deemed void and as having no effect for purposes of that dispute upon either party's election.**

*Id.*, Ex. A § 17(g); *see also id.*, Ex. B § 15(h) (substantially similar).

## C.    Plaintiff Released All Claims under a Class Action Settlement Agreement Approved by a Washington Federal Court in 2020

In April 2018, another putative class action lawsuit, *Wilson v. Playtika Ltd.*, No. 3:18-cv-05277-RBL, was filed against Playtika in the Western District of Washington. That lawsuit alleged that certain of Playtika's games, including *Slotomania*, violated Washington gambling and consumer protection laws, among other claims. On August 31, 2020, the court granted preliminary approval of the class action settlement agreement. Dayanim Decl., Ex. C (Order on Preliminary Approval of Class Action Settlement). On February 11, 2021, the court granted final approval. *Id.*, Ex. D (Order Granting Final Approval of Class Action Settlement). As part of the settlement, Playtika agreed to a payment to settlement class members and to maintain certain changes to its Games, intended to ensure that players would always be able to obtain free virtual coins, without the need to

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    7

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

purchase or to wait for a future periodic allotment (the "continuous play feature").

*Id.*, Ex. E (*Wilson* Settlement Agreement), § 2.2(c).[5]

The *Wilson* settlement class is defined to include individuals who played Playtika's games, including *Slotomania*, on or before the preliminary approval date while located in Washington. *Id.* § 1.33. Plaintiff is a member of the settlement class since she played the games prior to August 31, 2020. Compl. ¶ 83.

Under the *Wilson* Settlement Agreement, Plaintiff and other members of the settlement class released the following claims:

> **1.27. "Released Claims"** means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on violations of Washington or other federal, state, local, statutory or common law or any other law, including the law of any jurisdiction outside the United States, that are or have been alleged or otherwise raised in the Actions, or that arise out of or relate to facts, transactions,

---

[5] Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Courts have taken judicial notice of pleadings and orders filed in prior class actions. *See, e.g., Villegas v. U.S.*, 963 F. Supp. 2d 1145, 1148 n.1 (E.D. Wash. 2013) (taking judicial notice of pleadings and orders in prior class action including class action settlement agreement).

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    8

events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act **relating to the operation of the Applications[6] and/or the sale of virtual coins in the Applications, such as claims that the Applications are illegal gambling, that virtual coins in the Applications are "things of value", or that aspects of the Applications are deceptive or unfair, against the Released Parties, or any of them**. For the avoidance of doubt, this release includes (1) claims potentially subject to arbitration agreements; and (2) claims for amounts spent on in-Application purchases that are attributable to Platform Provider fees.

Ex. E § 1.27 (emphasis added). In addition, the settlement class stipulated that with the enactment of continuous-play, "virtual coins in the Applications are gameplay enhancements, not 'things of value' as defined by RCW 9.46.0285." *Id.* § 3.4.

## III.   LEGAL STANDARD

**Rule 12(b)(6).** "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652 (9th Cir. 2019) (citation omitted). The court can "consider materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

**Rule 12(f).** Rule 12(f) authorizes courts to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

---

[6] The "Applications" include the Games at issue here, among others. Ex. E § 1.4.

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    9

matter." Fed. R. Civ. P. 12(f). Rule 23 makes clear that a motion to strike can be an appropriate tool to dispose of class allegations at the pleading stage. Pursuant to Rule 23(c), "[a]t an early practicable time . . ., the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "While motions to strike are generally disfavored, a court may strike class allegations if the plaintiff [can]not make a *prima facie* showing of Rule 23's prerequisites or that discovery measures [are] likely to produce persuasive information substantiating the class action allegations." *In re Amazon Servs. Fee Litig.*, 705 F. Supp. 3d 1255, 1271 (W.D. Wash. 2023) (citations and internal quotations omitted); *Cashatt v. Ford Motor Co.*, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020). The court can consider "the pleadings and matters subject to judicial notice." *Id.*

## IV.  ARGUMENT

### A.  The Court Should Dismiss the Complaint as Barred under the Prior *Wilson* Class Action Settlement Agreement

Plaintiff's claims fail as a matter of law, and must be dismissed, because Plaintiff released her claims against Playtika and stipulated that the Games do not violate Washington law under a prior class action settlement agreement.

#### 1.  Plaintiff Settled and Released Her Claims against Playtika

"[T]he law favors the private settlement of disputes. Releases are therefore given great weight to support the finality of those settlements." *Nationwide Mut. Fire Ins. Co. v. Watson*, 120 Wash. 2d 178, 187 (1992). "A release is a valid and

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    10

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

enforceable contract under Washington law unless it is induced by fraud, misrepresentation, or overreaching, or if there is clear and convincing evidence of mutual mistake." *DesAutel v. Tetra Tech EC, Inc.*, 2012 WL 274743, at *3 (E.D. Wash. Jan. 31, 2012) (citing *Watson*, 120 Wash. 2d at 187). "[W]hen a contract is unambiguous, courts must enforce its terms according to their plain meaning." *Id.*

Courts routinely dismiss claims barred under a release in prior class action settlement agreements. *See*, *e.g.*, *Hanna v. Sanofi-Aventis U.S., LLC*, 2013 WL 1855748, at *2-3 (W.D. Wash. Apr. 29, 2013) (dismissing discrimination claims because prior class action settlement agreement released all claims arising from and relating to allegations of discrimination); *DesAutel*, 2012 WL 274743, at *3 (dismissing claims as barred by valid release contained in separation agreement); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (affirming dismissal with prejudice where settlement in prior class action extinguished plaintiffs' claims); *Amalfitano v. Google Inc.*, 2015 WL 456646, at *3 (N.D. Cal. Feb. 2, 2015), *aff'd*, 679 F. App'x 632 (9th Cir. 2017) (same)

The Western District of Washington recently dismissed a similar putative class action against another casino-themed social games company under materially identical circumstances. In *Campos v. Big Fish Games, Inc.*, 2024 WL 2818589 (W.D. Wash. June 3, 2024), plaintiffs brought a putative class action against Big Fish, alleging that its games violated Washington law and seeking to recover in-game purchases. *Id.* at *1. In 2015, Big Fish had settled a separate putative class

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    11

action lawsuit. *Id.* at \*2. As part of that settlement, the class members agreed to release claims that the games are illegal gambling and that the virtual chips are "things of value" under Washington or any other law – language materially identical to that in Playtika's Washington settlement agreement. *Id.* at \*2, \*4. A plaintiff in *Campos* was part of that settlement class. The court dismissed that plaintiff's claim as barred by the settlement because the "[p]laintiff [] brings claims asserting the exact issues and facts as those estopped by the [] settlement." *Id.* at \*4.

Here, too, Plaintiff agreed to release all claims "relating to the operation of the Applications and/or the sale of virtual coins in the Applications, such as claims that the Applications are illegal gambling, that virtual coins in the Applications are 'things of value', or that aspects of the Applications are deceptive or unfair," in exchange for monetary compensation. Ex. E §§ 1.27, 3. Plaintiff's claims all relate to the operation of *Slotomania* and the sale of virtual coins: Plaintiff alleges the "coins sold for use in Playtika's online casino are 'thing[s] of value" (Compl. ¶¶ 94-107), "Slotomania offers illegal online gambling games," and "Playtika also engaged in unfair or deceptive acts or practices" or negligent misrepresentations in connection with advertising sales of coins (*id.*, ¶¶ 108-122). These claims and allegations all arise from the "exact issues and facts as those estopped by the [*Wilson*] settlement" (*Campos*, 2024 WL 2818589, at \*4), and therefore, must be dismissed with prejudice.

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    12

### 2. Plaintiff Is Estopped from Claiming that the Games Violate Washington Gambling Law

Plaintiff affirmatively stipulated that she would be estopped from contending that virtual coins in the Games are "things of value" under Washington gambling law so long as the continuous-play feature approved by the *Wilson* court remains in place. Ex. E § 3.4. Plaintiff does not and cannot allege that the continuous play feature is no longer in place (indeed, it remains in place). Thus, Plaintiff remains estopped under the terms of the *Wilson* agreement from alleging that the virtual coins used in the Games are things of value. *Campos*, 2024 WL 2818589, at *4. Absent that allegation, Plaintiff cannot state a claim under either cause of action predicated on Washington law (Counts I and II of the Complaint).

### B. The Court Should Strike Plaintiff's Putative Class Allegations

A class action must satisfy the prerequisites of Rule 23, including, *inter alia*, that there are "questions of law or fact common to the class," and that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). Neither requirement is met here.

### 1. The Court Should Strike the National Non-Arbitration Class and Washington Non-Arbitration Sub-Class as Barred by the Terms' Arbitration Agreement and Class Action Waiver

The Court should strike the National Non-Arbitration Class and Washington Non-Arbitration Subclass as overbroad because their putative members agreed "to resolve any Disputes . . . through final and binding arbitration" and further

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    13

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

"expressly and unconditionally waived" their right to "consolidate, join, or coordinate disputes by or against other individuals or entities" and "to participate in any collective, group, class, or mass arbitration or litigation of disputes." Ex. A (Playtika Terms) §§ 17(b) and (g); Ex. B (prior Terms) §§ 15(c) and (g).

That (mis-named) class and subclass includes members who are bound by the arbitration agreement in the applicable version of the Terms. There is no allegation that those members attempted to arbitrate and were refused. Hence, those members would be subject to presumptively dispositive motions to compel arbitration, whereas Plaintiff allegedly is not. 9 U.S.C. § 2 (agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4").

Moreover, the Supreme Court and Ninth Circuit have repeatedly upheld the enforceability of class action waivers in arbitration clauses. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (FAA protects parties' expressed intention in arbitration agreement "to use individualized rather than class or collective action procedures"); *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 58-59 (2015) (FAA preempts state law invalidating class action waivers); *Uber Techs., Inc. v. U.S. Jud. Panel on Multidistrict Litig.*, 131 F.4th 661, 673 n.6 (9th Cir. 2025) ("Class action waivers contained in arbitration agreements are enforceable"); *Murphy*, 724 F.3d at 1226 ("Section 2 of the FAA . . . requires the enforcement of arbitration agreements that ban class procedures"). To give effect to class action waivers,

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    14

courts routinely strike or dismiss putative class claims asserted in contravention of those waivers. *See*, *e.g.*, *Carter v. Rent-A-Center, Inc.*, 718 F. App'x 502, 504-05 (9th Cir. 2017) (affirming dismissal of class claims where claims fell within the scope of the arbitration provision that contained a class action waiver); *Hoober v. Movement Mortg., LLC*, 382 F. Supp. 3d 1148, 1163 (W.D. Wash. 2019) (granting motion to dismiss class claims where arbitration clause included a class action waiver). This Court should do the same here.

### 2. The Court Should Also Strike All of the Classes Because There Is No Adequate Named Plaintiff

It is well-established that every class and subclass must have a representative named plaintiff who is a part of that class. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be part of the class.") (cleaned up); *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005-06 (9th Cir. 1981) ("[A] fundamental requirement in the establishment of a subclass is that the representative plaintiff must be a member of the class she wishes to represent."). The claims of the representative plaintiff must be typical of those of the class, and the legal arguments and defenses applicable to the named plaintiff must be similar to those of the class as a whole. *See*, *e.g.*, *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019-20 (9th Cir. 2011), *abrogated on other grounds by, Comcast Corp. v. Behrend*, 569 U.S. 27 (2013); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    15

(9th Cir. 1992); 7A Wright & Miller's Fed. Prac. & Proc. Civ. § 1764 (2025).

Here, Plaintiff, if not dismissed for the reasons stated in Section IV.A, fails the typicality requirement because she will be subject to the substantive defense that her claims are barred by the prior Playtika settlement agreement. *Stearns*, 655 F.3d at 1019 (denying certification of class of consumers allegedly deceived into joining rewards program where representative "insisted that he was not really deceived" and instead joined "accidentally"); *Hanon*, 976 F.2d at 508 (denying certification where named plaintiff's "extensive experience in prior securities litigation, his relationship with his lawyers" and stock-buying practices create potential challenges that would not apply to other members of the proposed class).

Moreover, Plaintiff's representation of the National Non-Arbitration Class and Washington Non-Arbitration Sub-Class fails for an additional reason. That class and sub-class are respectively defined to include "[a]ll persons who, during the applicable limitations period, purchased virtual casino chips in Slotomania" and "[a]ll persons in Washington who, during the applicable limitations period, purchased virtual casino chips in Slotomania." Compl. ¶ 86. Unlike the National Class and Washington Sub-Class, the National Non-Arbitration Class and Washington Non-Arbitration Sub-Class apparently encompass those who have not attempted to pursue arbitration—as the names of the class and subclass suggest.

Plaintiff alleges that she attempted to pursue arbitration and is now permitted to bring suit. Thus, the vast majority of the members of the class (all but

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                16

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

the 449 alleged similarly to have attempted to arbitrate) will be subject to substantial, likely dispositive defenses to which the Plaintiff herself is not. Where there are alternative classes (*i.e.*, the National Class and Washington Sub-Class) that are more tailored to the plaintiff, the broader classes (*i.e.*, the National Non-Arbitration Class and Washington Non-Arbitration Sub-Class)—whose sole differentiating characteristic is the characteristic that Plaintiff herself fails to satisfy—should be stricken from the Complaint.

### 3. The Court Should Strike the National Class and National Non-Arbitration Class Because There Are No Common Issues of Law for These Multistate Classes Asserting Common Law Claims

The Court should strike the National Class and National Non-Arbitration Class because Plaintiff cannot satisfy the commonality requirement for multistate classes asserting common law claims under the laws of all 50 states. Plaintiff asserts claims for restitution, unjust enrichment and negligent misrepresentation on behalf of these two classes. *See* Compl. at Counts III and IV. Plaintiff artfully avoids identifying the applicable laws that apply to these claims.

The Terms provide that the laws of the State of Israel govern Plaintiff's claims. *See* Ex. A § 18(a)(i); Ex. B. § 15(a). Yet Plaintiff has not provided any notice in the Complaint—or otherwise—that she intends to pursue these claims under Israeli law. Under Federal Rule of Civil Procedure 44.1, "[a] party who intends to raise an issue about a foreign country's law must give notice by a

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    17

pleading or other writing." Because Plaintiff has not done so, the Court should presume that Plaintiff does not intend to contend that Israeli law applies to these claims. *See S.E.C. v. Jackson*, 908 F. Supp. 2d 834, 858 n.15 (S.D. Tex. 2012).[7]

Nor can Plaintiff argue that Washington law applies to the claims asserted by the national class members who do not reside in Washington. Courts have rejected attempts to apply a single state's laws to non-residents. *See, e.g., Utility Consumers' Action Network v. Sprint Sols., Inc.*, 259 F.R.D 484, 488 (S.D. Cal. 2009) (rejecting certification of national class where "[p]laintiffs have not shown that it would be appropriate to apply California law to non-residents"). Unless Plaintiff intends to argue that Israeli law applies, her position must be that the laws of each class member's home state will govern the claims for unjust enrichment, restitution and negligent misrepresentation.

Class certification is inappropriate under these circumstances because the elements to establish a claim for unjust enrichment, restitution and negligent misrepresentation vary considerably from state to state. *See*, *e.g.*, *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *7-8 (N.D. Cal. June 2, 2021) (striking nationwide unjust enrichment claim "because the laws of all 50 states are

---

[7] *See also, e.g.,* 9A Wright & Miller's Fed. Prac. & Proc. Civ. § 2443 (3d ed.). Should the Court not strike these classes, Playtika reserves the right to argue that Israeli law applies.

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    18

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300

implicated, Plaintiff has not sufficiently shown that common questions of fact or law predominate over individualized issues – or that a class action would be manageable") (citing cases); *see also In re McCormick & Co., Inc. Pepper Prods. Mktg. & Sales Pracs. Litig.*, 422 F. Supp. 3d 194, 230-35 (D.D.C. 2019) (common issues of law did not predominate for multi-state classes in consumers' unjust enrichment action for allegedly deceptive representations where jurisdictions at issue differed in their law as to definition of unjustness and as to requirement of no adequate remedy of law).

Applying 50 different definitions of restitution, unjust enrichment and negligent misrepresentation would make it impossible to resolve the class claims "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011). That lack of commonality is further underscored by the fact that the states differ regarding what constitutes "things of value." *Compare Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 (9th Cir. 2018) (concluding that virtual chips were a "thing of value" under Washington law), *with Soto v. Sky Union LLC*, 159 F. Supp. 3d 871, 881-82 (N.D. Ill. 2016) (concluding that virtual coins were not "money or [a] thing of value" under Illinois law). Because the claims asserted by the National Class and National Non-Arbitration Clause do not present common issues of law, these classes fail the commonality requirements of Rule 23(a) and must be struck.

## V.    **CONCLUSION**

Playtika respectfully requests that the Court dismiss the Complaint in its

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    19

entirety under Rule 12(b)(6) or, in the alternative, strike all of the class allegations in the Complaint under Rules 12(f) and 23(C).

Dated: August 21, 2025

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/ Aaron P. Brecher*
    Aaron P. Brecher, WSBA No. 47212
    Attorneys for Defendant Playtika Ltd.

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                    20

## <u>DECLARATION OF SERVICE</u>

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 21st day of August, 2025, at Seattle, Washington

*s/ Aaron P. Brecher*
Aaron P. Brecher, WSBA No. 47212

MOTION TO DISMISS OR STRIKE
CLASS ALLEGATIONS                              21

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union St Suite 3300,
Seattle, WA 98101
+1 206 839 4300